# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI AT KANSAS CITY

| | |
|---|---|
| GWENDOLYN GILL CARANCHINI, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CASE NO. 4:11-cv-00464-ODS |
| VS. ) | |
| KOZENY & MCCUBBIN, ET AL. ) | |
| DEFENDENTS. ) | |

## GGC'S AMENDMENT TO MOTION FOR REMAND

I cannot believe I have to write this amendment, but there is no doubt in my mind that it is necessary. While looking again at the paperwork that defendants MERS/MERSCORP counsel filed in this matter, I noted that the civil cover sheet purports that Kozeny & McCubbin is a resident of a state other than Missouri. I would ordinarily write this off as accidental. I don't in this case for the following reasons:

First and foremost, defendants are seeking to remove this case on the grounds of diversity and to make a claim for diversity all the defendants would have to be a party of a state other than Missouri—Kozeny & McCubbin is NOT a resident of a state other than Missouri;

Second, Defendant MERS/MERSCORP has already concocted some bizarre argument that I fraudulently created a case to defeat diversity; that is a flat out lie. I might add there has been written a Law Review Article on this very topic—that defendants in these cases are claiming "fraudulent joinder" as part of their removal actions in order to force the cases to federal court. This is done mostly in pro se cases as these plaintiffs would not know how to respond to such a "garbage" argument. It delays the case, which appears to be one issue, and runs up the cost even for plaintiffs who have a lawyer, which is another point. A copy of this very lengthy article can be provided the Court at a hearing or if the Court wishes it, we will hand deliver it.

Third, the defendants BOA/BAC lied about a ground for removal the first time—that they did not have have letter regarding the demand until AFTER the 30 days expired. I had a receipt showing the letter was received by the defendant five days prior to their response. When confronted with this, defendants' counsel then claimed that the law said that the LAWYERS needed to have receipt. Of course there is no case law suggesting this and they cited none.

So we have two instances if not three of flat out lying to this court to get removal accomplished. I don't use that term lightly. In all the years that I practiced I rarely used that term—perhaps once or twice. I don't use it lightly here

either. However, the amout of sanctions against BOA/BAC/MERS/MERSCORP and their lawyers is overwhelming: daily there are sanctions by courts, federal agencies, state agencies, regarding the total misrepesentations made by these entites requiring the setting aside of foreclosures and paperwork that they have intentionally created to substantiate their position when anyone would know such paperwork is fraudulent. This is but another example. IT SHOULD AND NEEDS TO BE STOPPED.

In the scheme of things I would not ordinarily object but given the conduct of these defendants and the fact that in one year I have not had one iota of discovery and all I have done is play games with these defendants I say enough is enough. This was not accidental. It was intentional just like their other lies and I want it stopped. I want sanctions issued against these defendants and their lawyers for their total disregard for the rules of this court.

Respectfully submitted,

Gwen G. Caranchini, Pro Se

1203 W. 62nd Street

Kansas City, Missouri 64113

816.223.7178 gwencaranchini@sbcglobal.net

Certificate of Service

I hereby certify that the above document was filed at the United States District Court for the Western District of Missouri, and copies were served by email upon Staci Schorgly and Steve Aaron and Patrick Murphy this 6th day of May 2011. Courtesy copies were also served upon Judges Mesle and Atwell.

Gwen G. Caranchini