# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI AT KANSAS CITY

| | |
|---|---|
| GWENDOLYN GILL CARANCHINI, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CASE NO. 4:11-cv-00464-OGK |
| VS. | ) |
| KOZENY & MCCUBBIN, ET AL. | ) |
| DEFENDENTS. | ) |

## GGC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENT TO HER MOTION TO REMAND WITH INCORPORATED SUPPLEMENT

Comes now the plaintiff, hereinafter referred to as GGC, and moves this Court for its Order permitting her to file this Second Supplement to her previously filed Motion for Remand filed May 5. GGC believes it is important to add this additional information to supplement her previous Motion for Remand, and Supplement thereto as it further substantiates there was no fraud in adding K & M. Clearly, the defendants should have additional time to answer if needed. The transcripts ordered to be produced and filed by May 25, will be filed on May 24, 2011 as the first transcript of January 2011 was not transcribed and made available to GGC until May 23. Therefore, this additional

extension does not unduly prolong the time for remand.

This additional bit of information, which was raised by an attorney working with GGC upon further discussions, should unmistakably demonstrate that the addition of K & M was not fraudulent--in point of fact--other defendants could have been added to the State claim which would have also served to prevent removal as shown in the attached brief.

**GGC did not want to raise this issue in her reply to MERS and MERSCORP (hereinafter referred to as MERS) opposition to the remand for the first time but wanted to give MERS an opportunity to address this issue. GGC has provided this Motion and the short attached brief to MERS and requested their assent to filing same and they have agreed that GGC may do so.**

## ARGUMENT

MERS claims that the sole reason that K & M were added to the state claim was to defeat diversity and therefore there was and is fraudulent joinder. They claim K & M was not and is not a necessary party. GGC denies that. Not only is there case law clearly showing that they are a necessary party--but K & M

has never raised in any document that they are not necessary to the determination of the issues in this lawsuit. The second transcript of April 2011 makes this very clear from the questioning of Judge Mesle. This will be more fully explored in GGC's reply brief.

There is another reason however that supports that K & M was not added to defeat diversity. GGC could have added two additional Missouri residents-- Gorman & Associates, who holds a second mortgage on the residence; and Lewis Rice & Fingersh, who have a lien against the home for attorneys fees. Both of these entities are Missouri residents. Both could have been added as part of the quiet title action to determine their interests. However, GGC knew what their interests in the home were and are, and although they could be considered necessary to determining title, GGC chose not to add them and cause them unnecessary costs. Their citizenship would have totally precluded any question of removal as they clearly have interests in the property given their recorded interests.

**So, the question presents itself, if GGC brought this quiet title, declaratory judgment, negligence and breach of fiduciary duty action in state court and wanted to prevent at all costs removal by naming every**

**possible defendants who had Missouri residence--why not add Gorman and Associates and Lewis Rice to the lawsuit? The reason for this is that GGC was not trying to somehow contort the litigation process--as MERS and the rest of the defendants seek to do by removing this case to federal court where there is no jurisdiction over multiple issues. Rather GGC added K & M because the case law was clear that a trustee who is beholden to both the creditor and the debtor and who has been found to be a necessary was added to this lawsuit in good faith.**

GGC's position is further supported by these facts:

--K & M never moved to dismiss itself from the original First Amended Petition for any reason; it only sort clarification of the claims against it;

--K & M claims that it has an interest in the security instruments;

--K & M refuses to agree to admit certain facts so that it can be dismissed from the lawsuit, including that it has no interest in the DT and/or PN as Aegis did, so that it can be dismissed at least in part from the lawsuit;

--K & M raises nothing in its answer to the First Amended Petition or its Motion to Dismiss that it was somehow fraudulently joined in this litigation;

--K & M did not object to the filing of the Second Amended Petition on any ground at all!

--K & M did not raise in its Motion to Dismiss the Second Amended Petition that it was fraudulently joined in the litigation;

--K & M did not join in the removal but merely consented to it--if they truly believed they were fraudulently joined, you would think they would join in the removal action and the grounds therefore, that is, that they were fraudulently joined AND THEY DID NOT!

--And most telling, during oral argument on April 7, they never raised fraudulent joinder in any way or in any way suggested to the court they should be dismissed.

Quite frankly, the only "fraud" is the fraud perpetrated by MERS and the defendants upon this court by positing a completely false ground for removal-- much as they did the first time --lying to the court about the timeliness of their removal. It appears these defendants will stop at nothing to remove this case to federal court, and if this court has not figured that out by now, I question why not and what is keeping this Court from recognizing that the defendants do not

want to be in state court and they refuse to tell this Court why. The answer is clear, the State Court has made it clear that they believe GGC's claims are valid and that under **Carpenter v. Longan** and **Ibanez**, GGC's note is split from the deed of trust by MERS assignment in 2008 and the note is therefore null and void and foreclosure was and is totally unavailable. To get away from this Judge they go so far as to have a nonexistent entity (yes an entity that has never been served and does not reply to any mail at its addresses) "enter an appearance" out of the blue and seek a change of judge on the eve of that Judge entering rulings and asking questions MERS and the rest of the defendants do not want to answer. Ask yourself, how can an entity that has no existence under New York Trust law and SEC rulings and does not own the note get to file a change of judge?????? This is an issue yet to be addressed at such time as the federal courts remand this issue to the state court for adjudication.

WHEREFORE, GGC respectfully requests this Court grant her leave to Supplement her Motion for Remand as contained herein and give defendants such additional time as they request to file their response to the Motion for Remand.

Respectfully submitted,

_(signature)_

Gwen G. Caranchini, Pro Se

1203 W. 62nd Street

Kansas City, Missouri 64113

816.223.7178  gwencaranchini@sbcglobal.net

Certificate of Service

I hereby certify that the above document was filed at the United States District Court for the Western District of Missouri, and copies were served by email upon Staci Schorgyl and Steve Aaron and Patrick Murphy May 23, 2011.

_(signature)_

Gwen G. Caranchini