IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| GWENDOLYN GILL CARANCHINI | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | Case No. 4:11-CV-00464-DGK |
| v. | ) ) | |
| BANK OF AMERICA, N.A., et al. | ) ) ) | |
| Defendant. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY/RECUSE**

Defendants Bank of America, N.A., BAC Home Loans Servicing LP, MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. and Kozeny & McCubbin, LC (collectively "Defendants"), respond in opposition to the above referenced motion on the grounds there is no evidence which warrants serious consideration of recusal based on 28 U.S.C. §144 or 28 U.S.C. § 455(a) and (b) (the "recusal statutes"). Plaintiff bases her allegations of this Court's bias on her perceived treatment related to her previous disbarment and her belief that this Court's previous orders are (in her estimation) adverse to her position in this case as well as in a related case pending before this Court, *Case No. 4:10-CV-00672-DGK*. Plaintiff's opinion that the Court's administration of this case evidences any bias or prejudice is patently unmeritorious and insufficient to satisfy the requirements of the recusal statutes.

I. **Plaintiff's Motion Should be Denied Because Her Allegations of Bias and Prejudice are Insufficient to Warrant Recusal.**

As a matter of law, Plaintiff bears the heavy burden of proving the Court is biased or prejudiced in seeking disqualification. See In re Larson, 43 F.3d 410, 414 (8th Cir. 1994) ("A judge is presumed to be impartial, and Petitioners bear the substantial burden of proving

480324.01

otherwise."). Although there is strong public policy requiring judges to recuse themselves if they are biased or prejudiced against one of the parties, judges have an equal obligation to refrain from disqualifying themselves when they are not biased or prejudiced. See Davis v. Comm'r, 734 F.2d 1302, 1303 (8th Cir. 1984) ("[J]udges are charged with an affirmative duty to probe the legal sufficiency of petitioner's affidavit of prejudice and not to disqualify themselves unnecessarily.").

According to the Eighth Circuit, "[t]he test for determining whether a judge's impartiality might reasonably be questioned is an objective one." A. J. by L. B. v. Kierst, 56 F.3d 849, 861 (8th Cir. 1995). The standard is "whether the 'average person on the street' would have a **factual basis** to doubt the impartiality of the judge under the circumstances." Id. (emphasis added) (quoting Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992)). Therefore, "[a]ffidavits based on conclusions, opinions, and rumors are an insufficient basis for recusal." Davis, 734 F.2d at 1303.

Prior to the Supreme Court's decision in Liteky v. United States, 510 U.S. 540 (1994), many courts required allegations of bias and prejudice to stem solely from extrajudicial sources. In re Larson, 43 F.3d at 413. In Liteky, however, the Supreme Court expanded the scope of admissible evidence by including "opinions formed by the judge on the basis of facts introduced or events occurring during the course of the current proceeding . . .[which] display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Since this exception is construed narrowly, it is not surprising that "[a] judge's adverse rulings in the course of a judicial proceeding almost never constitute a valid basis for disqualification based on bias or partiality." 12 James Wm. Moore, Moore's Federal Practice, § 63.21 (3d ed. 1997 and Supp. 2011).

Here, Plaintiff has not asserted any evidence that stems from extrajudicial sources. Rather, Plaintiff improperly bases her motion on mere "conclusions, opinions, and rumors." Davis, 734 F.2d at 1303. For example, while Plaintiff alleges that her previous disbarment led to bias within this Court, she has presented no credible evidence of such bias. Rather than cite any proof of the alleged bias or prejudice, Plaintiff simply concludes that "the federal judges in the Western District of Missouri that remain on the bench since my disbarment (Judges Whipple and Gaitan) remain prejudiced against me and do not speak to me when they see me or ignore me totally." *ECF Doc. 19, Motion to Disqualify or Recuse Affidavit of G. Caranchini, at ¶23*. Plaintiff continues by stating that it is "clear" to her that this Court "has formed an opinion about [her] based upon [her] disbarment and comments to [the Court] from Judges Whipple and Gaitan…" *Id, at ¶25*. Plaintiff's accusations, without any evidence that this Court has discussed Plaintiff and/or Plaintiff's case with Judge Whipple and/or Judge Gaitan, is wholly insufficient and her motion must be denied.

Further, while Plaintiff cites text from a state court proceeding in "support" of her position of bias, the cited text does not stand for Plaintiff's proposition that there is any bias against her in federal court. In fact, in referring to "the courts" generally, Judge Mesle states that she "wasn't involved in any of that, don't know any of the details, have never tried to figure them out…" *ECF Doc. 19, Exhibit B*. Plaintiff's only other support for her motion appears to be the rulings of the Court during this litigation. Plaintiff's "proof" does not present facts that establish the Judge "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" and recusal in this matter is improper. Liteky, 510 U.S. at 556. Plaintiff's motion should be denied.

## II. Plaintiff's Motion Should Also be Denied Because it Fails to Satisfy the Procedural Requirements of 28 U.S.C. §§ 144 and 455.

Plaintiff's Motion is also fatally infirmed because it fails to satisfy the procedural requirements of 28 U.S.C. §§ 144 and 455, and therefore should be denied. See United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) ("Because [Section 144] is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse.") (citations omitted); see also United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984) ("The statutory requirements must be complied with before a judge can be disqualified.").

Section 144 specifically contains language that requires a party to file its affidavit "not less than ten days before the beginning of the term at which the proceeding is to be heard." 28 U.S.C. §144. Since the federal system no longer uses terms of court, the courts have interpreted Section 144 to mandate that a party must "file its affidavit at the earliest moment after acquiring knowledge of facts demonstrating the basis for disqualification." 12 Moore, at § 63.61. Although Section 455 does not contain any language restricting the time within which to file a motion to disqualify a judge, courts have applied the same standard used in Section 144. Id.; see also Miller v. Tony & Susan Alamo Found., 924 F.2d 143, 146 (8th Cir. 1991) ("Section 455 has been interpreted to require a party to make its motion and facts known at the earliest possible time."). Therefore, in order to comply with both statutes, plaintiff had to seek disqualification "at the earliest possible moment after obtaining knowledge of the facts demonstrating the basis for disqualification." 12 Moore, at § 63.61.

Since Plaintiff asserts bias and prejudice stemming from her disbarment and based on the Court's rulings at the beginning of this litigation, Plaintiff has clearly failed to satisfy this requirement. Plaintiff did not consider alleging bias until her second state case involving the same legal issues was removed to federal court. She has no evidence of any legal bias or

4

prejudice. Therefore, Plaintiff's Motion to Disqualify and/or Recuse should be denied.

WHEREFORE, based on the foregoing, Defendants Bank of America, N.A., BAC Home Loans Servicing LP, MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. and Kozeny & McCubbin, LC, respectfully requests this Court to deny Plaintiff's Motion to Disqualify and/or Recuse.

Respectfully submitted,

BRYAN CAVE LLP

By:   /s/ John T. Polhemus
Staci Olvera Schorgl    MO #49287
John T. Polhemus    MO #59583
Jennifer L. Berhorst    MO #61784
1200 Main Street, Suite 3500
Kansas City, MO 64105
(816) 374-3200 telephone
(816) 374-3300 facsimile
soschorgl@bryancave.com
john.polhemus@bryancave.com
Jennifer.berhorst@bryancave.com

ATTORNEYS FOR DEFENDANTS BANK OF AMERICA N.A., BANK OF AMERICA HOME LOANS, N.A.

and

HUSCH BLACKWELL LLP

By: /s/Steven Martin Aaron
Steven Martin Aaron MO #41653
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 telephone
(816) 983-8080 facsimile
Steve.aaron@huschblackwell.com

ATTORNEY FOR DEFENDANT
MERSCORP, INC. and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.
and

/s/JoAnn Sandifer
JoAnn Sandifer MO #38602
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 telephone
(314) 480-1505 facsimile
Joann.sandifer@huschblackwell.com

ATTORNEYS FOR DEFENDANT
MERSCORP, INC. and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, INC.

and

/s/ Patrick D. Murphy
Patrick D. Murphy
Kozeny & McCubbin, LC
4220 Shawnee Mission Parkway
Suite 200B
Fairway, Kansas 66223

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the above and foregoing was filed electronically via ecf and was emailed, per Plaintiff's request, this 6th day of June, 2011, addressed to:

Gwendolyn Gill Caranchini
1203 W. 62nd Street
Kansas City, Missouri 64113

Copy via U.S. Mail to:

Aegis Lending Corp.,
Via Registered Agent
CT Corporation
120 South Central Avenue
Clayton, MO. 63105

              /s/ John T. Polhemus
            ATTORNEYS FOR DEFENDANTS BANK OF AMERICA N.A.,
            BANK OF AMERICA HOME LOANS, N.A.