# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

GWEN G. CARANCHINI,           )
                              )
            Plaintiff,        )
                              )
Vs.                           )    Case No.4:11-CV-00454-DGK
                              )
KOZENY & MCCUBBIN, LLC.       )
ET AL.                        )
            Defendants.       )

RECEIVED
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO.
11 JUN 13 PM 3:44

## PLAINTIFF'S REPLY TO DEFENDANTS MERS/MERSCORP'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

I.  **Parties to the Litigation on Removal.**

   A. Gwendolyn Gill Caranchini, hereinafter referred to as GGC, is the plaintiff herein.

   B. GGC's cause of action which was pending as of May of this year in Jackson County, Missouri named one non-diverse defendant, Kozeny & McCubbin LLC, hereinafter referred to as K & M (as well as the house which is the subject of the action).

C. The diverse defendants named[1] included: Bank of America, N.A., hereinafter referred to as BOA; BAC Home Loans, hereinafter referred to as BAC, Wilshire; Merrill Lynch Investments, hereinafter referred to as MLI, Countrywide, hereinafter referred to as CW are "part of" BOA by being subsumed therein or as subsidiaries; and are collectively referred to BOA entities. These entities as well as Citi as Trustee for MLMI2006-HE-5 and MLMI2006-HE-5, hereinafter referred to collectively as MLMI2006[2] are all represented by Bryan Cave. Additional defendants include MERS and MERSCORP, hereinafter referred to as MERS represented by Husch Blackwell. Other defendants listed include Todd Hamby the original trustee, whose whereabouts are unknown as well as John and Mary Does, hereinafter referred to as Does, who

---

[1] Defendant K & M was served in the fall of 2010. Defendants BOA, BAC, Wilshire, MLI were served in March/April 2011. CW was not served and has not entered an appearance. Defendant MERS/MERSCORP was also served in April 2011. MLMI2006 entered an appearance although it was never served and all attempts to serve it came back non est. GGC has been unable to find any address for Hamby and therefore he has never been served.

[2] As GGC has done in state court, she contests the right of MLMI2006 to do anything at all in this lawsuit, including file an answer as it does not exist as an entity at this time and has not for some time. Not only does it not have standing to raise any issue as an alleged foreclosing entity, it cannot come forward and file any document because as a matter of law it cannot and does not exist.

may have an unknown interest in the Deed of Trust and/or Promissory Note, hereinafter referred to asDT and PN or DT/PN..

## II. MERS Grounds for Removal and in Opposition to Remand[3]: Fraudulent Joinder of K & M

MERS rather than enter an appearance in state court removed[4] the then pending Second Amended Petition to Federal Court on the *sole* ground that K & M was fraudulently joined to the state court action to prevent removal of that action to federal court. In so removing, MERS totally ignores both United States Supreme Court and Eighth Circuit precedent and determining case law. Instead, MERS attempts to have

---

[33] MERS, Motion for Removal and Opposition to Remand was not joined in by the remaining Defendants, but merely consented to by them, which is noteworthy. In all other matters in this case, whether the first or second filed matter, Defendants either filed a "consolidated brief" or separate brief taking identical or near identical positions. *Not so here.* Although the remaining Defendants "consented" to the Removal, without which consent the removal could not have occurred, they DID NOT JOIN in the removal. It is one of those *"red flags"* GGC referred to her Reply to Defendants' (Joint) Opposition to Dismissal of the first case also pending before this Court. Why did not one of the remaining Defendants join? Additionally, MERS filed a certificate of service in this case upon removal noting that it had sent the *Tenets of Professional Courtesy* to its clients. Another *"red flag"* when the other Defendants did not do so in either this case or the first case nor did MERS in the first case. Again, why? Perhaps MERS' counsel is putting its own client on notice regarding the limits of where it will go on their behalf. However, these circumstances should not be dismissed out of hand by this Court. They just further substantiate GGC's position that both the removal and opposition to remand not only should be denied and a Remand Order entered forthwith but the removal and objections to remand should be the subject of a "Show Cause Order as to why Sanctions should not be entered" against MERS and its attorneys for these spurious and delaying tactics.

[44] MERS was not the first Defendant who responded. Although some Circuits require the first entity who responds remove or removal becomes unavailable, the Eighth Circuit does not adopt that rule. Rather any defendant may remove within 60 days of being served. Although GGC does not contest *at this time* that MERS was not the first defendant served and entering an appearance to remove, GGC reserves this issue, if in fact the law should change or GGC would appeal the non remand of this case.

this Court rule issues totally irrelevant to both the removal and remand issue to support MERS' transparent attempt to do away with the necessity of the Missouri state required trustee in these actions. The Court should keep in mind that if K & M is found to have been fraudulently joined, *IT WILL BE DISMISSED AS A PARTY TO THIS LITIGATION.* This is exactly what MERS wants—to be substituted in the place of the Missouri required trustee.

*Nor will GGC address at any length MERS' specious grounds for removal or opposition to remand at this point in the brief. Why? For two reasons: first, they are totally irrelevant to the legal arguments regarding the sufficiency of MERS' grounds for removal; and second, to do so merely gives some credence to the value of MERS' arguments for removal of which there is none.*[5] Rather, GGC will first set forth the clear and

---

[5] In point of fact, MERS' grounds for removal repeated in its opposition to remand are so lacking in legal as well as factual basis because of the law of this and other Circuits, this Court should seriously consider the imposition of sanctions both upon MERS and its counsel. It is noteworthy as already stated and bears repeating, that although all the Defendants have heretofore acted in "lock step" joining in all motions together, in this case, MERS was not joined by the remaining Defendants. And, as GGC will note in her reply to Defendants' opposition to her Motion for Recusal, the only reason this removal and opposition to remand was even filed was because Defendants knew it would be consolidated with the first case removed where this Court has unequivocally demonstrated by its

unequivocal case law rejecting the *legal* grounds for MERS' removal which will substantially shorten the need to reject point by point MERS self-serving *factual* argument for removal and opposing remand. It should be clear to this Court after reading the legal argument next set forth, that remand is required and MERS' argument was and is one merely of misdirection.

### III. Fraudulent Joinder—an Overview: Defendants' Newest Tactic to be in their Forum of Choice—Federal Court

It is axiomatic that today plaintiffs generally choose to be in State Court while Defendants forum of choice is the federal system.[6] That being said, it is the plaintiff who chooses the forum by his initial filing and only when there are grounds for removal—such

---

actions its bias against GGC by a pattern of rulings. Because of the rules of this District Court there was no question that the case would be consolidated, thereby assuring Defendants like rulings favoring them despite clear and undisputed law to the contrary of their positions.

[6] For plaintiffs the reasons generally include more favorable jury awards, less difficulty in surviving Motions for Summary Judgment, more liberal discovery and a system that generally favors "david" over "goliath" with less arduous rules for processing their cases. For defendants, they prefer a system which makes the processing more time consuming and hence more expensive for plaintiffs; less favorable jury awards, and a system that is often slanted in favor of big business and against the individual. These platitudes about the system have, more often than not, been borne out by studies. In my own case, even Judge Mesle noted that the federal court has not had a good relationship with the undersigned which is borne out by the fact that it was federal judges who sanctioned GGC, never a state court or administrative judge and it was federal judges who sought her disbarment and not any state judge or even client. And it was a state judge who uttered off the record that it was a "witch hunt" against the undersigned and "on the record" that she should not be punished further and certainly not disbarred nor should she have to express remorse for matters she denied engaging in despite findings to the contrary by federal judges. No one would consider the undersigned's fight anything but another "david" and "goliath" story. r

as federal question or diversity of citizenship—can a case be removed. But defendants today are seeking to expand upon the grounds for removal by claiming that in some instances plaintiffs are "fraudulently[7] joining"[8] a party in the state court proceeding to prevent removal.

GGC has read countless cases from not only the United States Supreme Court and the Eighth Circuit but other Circuit Courts of appeal as well as "treatises" and law review articles on this trend. **ALL** support two basic premises. First, that a removing **defendant has an extremely heavy burden, even heavier than on removal in general when removing on alleged diversity grounds, to support that removal is proper for fraudulent joinder of a state non diverse defendant. And second, that if plaintiff has alleged ANY colorable claim against the**

---

[7] Although Defendants in their Opposition to the Remand Motion state they are not inferring that GGC had "fraudulent intent" to join, and there is some case law to support that fraudulent **intent** need not be proved to effectuate removal on this ground, the fact of the matter is, the doctrine and the cases speak to **the plaintiff fraudulently joining a party to defeat removal.** Some level of "intent" is inferred and therefore there is the implication that when a plaintiff has been found to fraudulently join a party defendant he has acted wrongfully intentionally. GGC resents this implication tremendously not only because it is categorically false but because such a finding could be used against her in her attempts to seek readmission to the Missouri Bar. GGC has little doubt that these Defendants when contacted by the Missouri Bar about the undersigned's conduct in this case would point to a ruling finding that she engaged in "fraudulent joinder" as reason for denying GGC's readmission to the Missouri Bar so that GGC would be denied the opportunity to assist others who have been treated wrongfully by the banks.

[8] Fraudulent joinder should be distinguished from "fraudulent misjoinder" a distinct ground for seeking removal.

non diverse defendant, removal is improper and the matter MUST be remanded.

GGC refers this Court to the following article as the single most comprehensive primer on this topic and its distinguishment from the "fraudulent misjoinder" doctrine: *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine,* E. Parish Perley, *Harvard Journal of Law and Public Policy,* Vol. 29, p. 570 et seq. (2006).

## IV. Fraudulent Joinder in the Eighth Circuit: Burden of Proof and Standards for Remand

It is clear from a review of the following cases in the Eighth Circuit which rely on the law of the Third, Fifth, Ninth and Tenth Circuit Courts of Appeal that the following is the law on "fraudulent joinder":

***First and foremost,*** the burden rests on the defendant(s) seeking removal or opposing remand to establish fraudulent joinder; and that burden is an extremely heavy one.

**Second,** all facts and the law must be resolved in favor of the plaintiff—not defendant who is seeking removal.

**Third,** the district court in considering the motion for remand should NOT try to determine the question of law upon which the claims against the non diverse defendant was sued in state court. Rather, the only question is whether there is a "colorable" claim; not whether plaintiff will ultimately win against that defendant.

These common threads in "fraudulent joinder" Eighth Circuit law should be kept in mind when reviewing the following key decisions of the Eighth Circuit, particularly in light of the fact that Chief Judge Loken was the scrivener in one of the decisions.

In *Filla v. Norfolk Southern Railway Company*, 336 F.3d 806 (8th Cir. 2003)[9] the Eighth Circuit discussed at length the history of the "fraudulent joinder" theory as well as the requirements to sustain a removal

---

[9] The discussion in this case on "fraudulent joinder" was dicta at the time of the opinion. However, as seen by later cases, the "dicta" was adopted by the Eighth Circuit in subsequent cases. *Filla* is now frequently cited in Eighth Circuit Court of Appeal and District Court cases as well as in other Circuit opinions.

based upon these grounds. The premise for the appeal was that the existence of diversity jurisdiction should have prevented the district court from remanding the case. Id. at 808. At P. 809-810 and FN 9 the Court states:

> While fraudulent joinder—the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal—is rather easily defined, it is much more difficulty (sic) applied. As the Fifth Circuit recently noted, "Neither our circuit nor other circuits have been clear in describing the fraudulent joinder standard." (FN9)
>
> FN9 See *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)r an in-depth discussion of the various mutations of the fraudulent -joinder standard throughout the circuits. Relevant treat is have not been entirely consistent either. *Moore's Federal Practice* states: "To establish fraudulent joinder, a party must demonstrate. . . the absence of *any possibility* that the opposing party has stated a claim under state law." 16 James Wm. Moore et al., Moore's Federal Practice, 107.14[2][c][iv][A] (2d ed. 2000) emphasis added by the court). It then comments: "[T]he ultimate question is whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved.

• \* \* \*

At 810:

We believe that, despite the semantical differences, there is a common thread in the legal fabric guiding fraudulent-joinder review. It is reason. Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." (citing cases, emphasis "the courts)However, if there is a "colorable" (FN10) cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. (citing cases)

The Eighth Circuit went on to address a question that is particularly relevant to the case at bar: how far must the District court go in addressing the issue presented. At 811:

Unlike most diversity cases (where a federal court is required to ascertain and apply state law no matter how onerous the task), here, the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor (citing case). However, in its review of a fraudulent-joinder claim, the court has no responsibility to

*definitively* settle the ambiguous question of state law.

Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant. This determination is the essential function required of the district court in a fraudulent-joinder d. at 556 F.2d at 406. setting. As we discuss in *Iowa Public Service Co.*, in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand, but simply to remand the case and leave the question for the state courts to decide".

This doctrine was subsequently adopted and further discussed by subsequent Eighth Circuit cases:

In *Menz v. New Holland North America, Inc., et al.*, 449 F.3d 1002 (8th Cir. 2006)[10] the Eighth Circuit started out by reciting to *Filla's* concept of "reasonableness" stating:

Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. (citing *Filla)* "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." (quoting *Wiles v. Capitol Indemn. Corp.*, 280 F.3d 868,871 (8th Cir. 2002)).

---

[10] This case was denied on other grounds but its principles are frequently cited by the Eighth Circuit.

**11** | P a g e

In *Wilkinson v. Shackelford,* 478 F.3d 957 (8th Cir. 2007)the Court adopts the dicta in *Filla* stating unequivocally that

> . . .The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident *Menz*, 440 F.3d at 1005,not on the artfulness of the pleadings. A joinder is fraudulent only "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  Id at 1004 (citations omitted);*see also Greenshields v. Warren Petroleum Corp.*248 F.2d 61,  65 (10th Cir. 1957) ([A]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction.")  The facts as alleged in Wilkinson's original complaint indicate there is a reasonable basis for believing Missouri might impose liability against Shackelford, which is all that is required to defeat a fraudulent joinder challenge.

We turn now to the facts alleged by Plaintiff in the Second Amended Petition which MERS removed to this Court to apply these standards.

## V. What Claims were Alleged against K & M and are They colorable under the above standards?[11]

In the initial Petition and First Amended Petition[12] there were several claims against K & M, the first named defendant in this lawsuit:

1) K & M was named in the quiet title action to determine who if anyone had a title superior to that of GGC;

2) K & M was named in the declaratory judgment action to determine whether it had any interest of any kind in the Promissory Note;

3) K & M was named in a common law claim of breach of fiduciary duty in attempting to wrongfully foreclose as well as with regard to whether it

---

[11] GGC filed in this Court on May 25, 2011 those documents which she wished this Court to have as part of the "removed case". These documents not only included the transcripts of two hearings before Judge Mesle on K & M's two separately filed Motions to Dismiss, but the First and Second Amended Petitions, K & M's Motiosn to Dismiss and replies to GGC's Opposition to the Motions to Dismiss; the Answer filed by K & M to the First Amended Petition; and *Judge Mesle's two orders denying K & M motions to dismiss themselves from the first and second amended petitions. GGC requests this Court take judicial notice of these filings for purposes of this brief rather than requiring the reattachment of all these documents to this Brief.* See FN 1 of MERS Opposition to GGC's Motion for remand wherein it stated that this Court may take judicial notice of pleadings in related proceedings before the same court. *Kern v. Tri-State Ins. Co.,* 386 F.2d 754, 755-56 (8th Cir. 1968); *Enterprise Bank v. Magna Bank of Mo.,* 894 F. Supp. 1337, 1341 (E.D. Mo. 1995). GGC requests this Court take judicial notice of all documents filed by her on May 25, 2011 from the State Court case. All documents referenced in this brief from that case were filed by GGC on May 25, 2011.

[12] The First Amended Petition was filed before any entity answered and therefore leave was not necessary to file it.

should have done more to prevent the clouding of the title to GGC's property; and

4) K & M was named in the Temporary Restraining Order to prevent it from foreclosing at any time if foreclosure was again initiated by any entity.

K & M did not seek a Dismissal from the quiet title action, the declaratory judgment action or the temporary restraining order. It only sought dismissal from the breach of fiduciary duty claims. See Motion to Dismiss filed by K & M and hearing on Motion to Dismiss. After hearing, the state court judge DENIED the Motion to Dismiss with regard to the breach of fiduciary duty claims with the exception of the wrongful foreclosure claim. She suggested a redraft of the Petition.

Next, K & M filed an answer which noticeably does not claim as any affirmative defense that it should not be a party to the quiet title or declaratory judgment or temporary restraining order. For that matter there

is really no affirmative defense addressing the issue of whether it is a necessary party to the litigation.

GGC filed a Motion for Leave to File Second Amended Petition—DEFENDANT K & M DID NOT OBJECT TO THE FILING OF THIS SECOND AMENDED PETITION AND THE NEW CLAIMS AGAINST IT!  Rather K & M merely filed a second Motion to Dismiss.

Again, the State Court had a hearing on the Motion to Dismiss.  See April 7 transcript. Again the State Court Denied the dismissal of K & M from the lawsuit. See April 7 order of Judge Mesle.  However, what is important to note in this second transcript is that nowhere does K & M suggest that it can be dismissed totally from the lawsuit!  One needs to read this entire transcript to realize this single most important fact for this removal.

It also bears repeating that the claims against K & M in the Second Amended Petition were alleged under Missouri statutes:  The statute for quiet title, the statute for declaratory judgment on a promissory note

on land; case law regarding suits against a trustee on land, and TRO's regarding actions to deal with foreclosures on home in a nonjudicial state as Missouri.

It is also important to reiterate that K & M consented to removal of this case—it did not join. Considering that MERS is alleging that they are fraudulently joined, you would think that K & M would join in the removal and then object—vehemently—to its joinder in the suit as fraudulent. One would expect an affidavit from K & M alleging it is not a necessary party and has no interest in any of the claims against it. But no such brief was filed and no such affidavit was even obtained by MERS to support its removal claim.

Based upon these facts, it is clear that GGC has stated a colorable claim under Missouri law *particularly in light of the fact that the State Court Judge ruled not once but twice to overrule K & M's motions to dismiss it from the litigation. Not only should this Court give full faith and credit to such*

*rulings but GGC believes it is barred by the doctrine of collateral estoppel from ruling that such ruling by Judge Mesle is incorrect or should be set aside permitting this court the right to substitute its ruling on whether a cause of action has been stated under Missouri law against K & M.*[13]

**VI. Does MERS Motion for Removal[14] and Opposition to Remand Meet the Standards of the Eighth Circuit on Fraudulent Removal? Unequivocally NO!**

We turn now to both the Motion for Removal and the Opposition to Remand to determine whether MERS has met the standards to remove on a theory of fraudulent

---

[13]  MERS is essentially asking this Court to **re-address** an issue that was intrinsic to the rulings in state court on this issue which formed the basis of K & M's two motions to dismiss—that it is not a necessary party to the litigation and should be dismissed.  The state court not once, but twice, denied K & M's arguments. See Motions to Dismiss filed by K & M to the First and Second Amended Petitions in State Court as well as the transcripts of the two hearings on January 5 and April 7, 2011 in which  K & M addresses this identical issue!  Additionally, MERS questionably lacks standing to raise this issue—it is not the principal of K & M nor its agent.  It is for K & M to raise this issue quite frankly and K & M did not move for removal at any time.  For MERS to suggest it may now seek on a removal action to address an issue of fraudulent joinder when it has no relationship to the issue at all and the State Court judge has ruled the issue TWICE is pretty amazing and given the case law **without precedent.**  What gives MERS the right to raise this issue?

[14]  GGC does not address the issue of amount in controversy in this removal as she concedes there is a correct amount in controversy.  That being said she does not waive her right to contest at a point in time that defendants lied to the court about knowing the amount in controversy in the first removal.  The case law is clear, when no amount is stated you look to the documents and here the documents were a PN and DT clearly stating the amount was in excess of $75,000.  The letter was a subterfuge and was received by the defendant prior to the 30 days.  No law states that the defendants LAWYERS had to receive the letter within 30 days and defendants never stated same or cited case law for this bizarre proposition.  Likewise, GGC does not address the issue of whether Countrywide and Merrill Lynch were properly served and reserves that issue.  GGC contends they were properly served by serving their named registered agents in the state of Missouri.  Nor does GGC address the issue of whether Citi has any right to do anything in this lawsuit as they were never served at any address and do not exist; an issue again reserved for another time.  Finally, GGC concedes that the remaining defendants are diverse, that is BOA/BAC/Wilshire/MERS/MERSCORP/Hamby/John Does/Aegis.  GGC disagrees that the property cannot and should not be sued.  The property clearly is a Missouri "resident" as is K & M.

joinder. What is clear from reading both these documents is that they are filled with what GGC would call "misdirection". Not only is there a rehash of what has occurred procedurally heretofore, the clear intent is to paint GGC in a light that she always wrong—given this court's past rulings against her in this case. This is subtle but unmistakable. In short there is a distinct effort to remind this court of its prior rulings denying remand and other motions filed by GGC in the hope that it will continue in the same pattern to deny remand—a pattern that GGC believes is based upon this Court's bias against GGC.

The sole issue then for this removal is whether K & M's Missouri citizenship should be ignored for purposes of this removal. MERS argues it should be. GGC argues it should not be for the simple reason as the case law clearly states in the Eighth Circuit there are absolutely no grounds for a finding of "fraudulent joinder" for the following reasons; **There is an absence of discussion on the following key issues:**

- **Where is the discussion of MERS meeting its burden of proof on this removal?**

- **Where is the discussion of how there is no colorable claim against K & M when the State Court Judge has ruled not once but twice that there are colorable claims against K & M.**

- **Where is the discussion of how this court gets around the issue of giving full faith and credit to the State Court's rulings that K & M must remain in the lawsuit?**

Vague general propositions of law cited commencing at page 9 of their brief do not support a finding of "fraudulent joinder". Nor do the grounds stated overcome the rulings of Judge Mesle. For example There are absolutely no grounds for finding that K & M is a nominal party under the facts of this case.[15] That is not the issue. The issue is whether there are colorable claims against K & M. MERS wishes to ignore

---

[15] References to other state's law finding that the trustee is a nominal party sufficient to defeat diversity are not applicable to Missouri as the issue is clearly a Missouri State Law issues that has not get been addressed by the Courts of this state and therefore there remains a colorable claim against the trustee.

that they are the trustee under Missouri law on this property and under the Missouri law must be a part of litigation on the property, a fact that K & M does not deny EVER.

Likewise, there is no definitive case that states in Missouri that a trustee is not a necessary or indispensable party.[16] No Court in Missouri has found that "no cause of action" lies under any theory of law against a trustee on the property. The issue has not been addressed by the Missouri Supreme Court as to whether a trustee needs to be a party to a quiet title, declaratory judgment action or a breach of fiduciary duty claim. The case cited by MERS does not address all these issues. Likewise, just because the trustee is not an "indispensable party" does not mean there are no colorable claims of any kind against it but that is

---

[16] This issue was key to the initial removal action and is expanded on in the Objections to the Remand. However the arguments are the same: K & M is a nominal party and not necessary or indispensable. However, that is not the issue—the issue is whether there is a colorable claim stated against K & M, and that is NOT something that MERS addresses given the State Court rulings. Citing other courts decisions likewise does not bolster MERS' position given the state court rulings in this case . How does MERS believe it gets around the full faith and credit and collateral estoppels issues given Judge Mesle's rulings? It ignores that "elephant in the room". GGC only "persists" because the state court has ruled in GGC's favor on this issue, not once but twice! The question really is how can MERS argue it is not a necessary party given the state court rulings? That is the real issue. The excerpt from the transcript is irrelevant in light of the fact that the Court ruled AGAINST K & M and not in its favor on its argument.

exactly what MERS wishes this court to find. But as the Eighth Circuit has stated, it is not for this Court to reach such a decision which in essence is a substantive issue  The sole issue for this court is whether there is a "colorable claim". How such can be denied given Judge Mesle's decisions is not explained. In fact the whole issue of "full faith and credit" and collateral estoppels on those decisions is totally ignored by MERS—in the hope no doubt they will not be raised by GGC or addressed by this Court!Where is there any statement by MERS that a trustee should NOT be named in litigation on the property?  There is no such case.

MERS also wishes to have this Court find that GGC has not stated claims against K & M (see Paragraphs 40 through 44).  But again, MERS disregards the clear direction of the Eighth Circuit that this Court cannot and should not address these issues—it is for the state court to address these issues.  **MERS continually ignores this direction and repeatedly requests this**

Court to make findings on these issues even though **Judge Mesle overruled two Motions to Dismiss on these same objections.** What Eighth Circuit law overrules this requirement that MERS has referred this court? NONE. How can this Court not give Full Faith And Credit to Judge Mesle's rulings? [17]

### VII. Other Issues Raised by MERS in its Reply Brief

The following additional issues are raised by MERS in its reply to GGC's Motion for Remand and Supplements thereto.

#### 1) The Quiet title Action

MERS contends that the Quiet Title Action need not be brought solely in a state court citing a case. However this case does not direct itself to the issues of whether the FEDERAL court may hear the case—just another state court as I read this case. A change of venue deals with change of venue "within a state". But MERS seeks to bring this quiet title in a jurisdiction that does not have jurisdiction over the claim nor does MERS attempt to state how the Federal Court would have

---

[17]

jurisdiction over a quiet title on land in state court. There is a total absence of argument and authority for MERS position. General cases citing authority based upon diversity are one thing. However, this is an "in rem" action regarding land that is not federal land and is in Missouri. Not one of the cases cited by MERS deals with an *in rem* action being removed to federal court. This is not a wrongful death action or a tort action or anything other than a lawsuit arising from equity actions on the land and the trustees duties with regard to the deed of trust on the land. **Where is just one case that MERS cites where the federal court has taken jurisdiction of a Missouri *in rem* action? The absence of such cases should clearly be an indication that the Federal Courts do NOT take jurisdiction of such actions given the venue statute.**

That being said, MERS does not address several subsidiary issues with regard to that matter. For example. There is a publication in this quiet title action that was accomplished by state statute. The

State Court upon motion by GGC ordered the clerk of the court to publish. When the 45 day time period is up (shortly), the Clerk of the Court must advise the Judge of the publication requirements being met so that the Court may enter appropriate orders. MERS does not address the problem that now that this case is in Federal Court there is no way for the STATE clerk of the Court to advise the Federal Court of GGC meeting the publication requirements and for the FEDERAL court to now enter appropriate orders consistent with publication being accomplished under state court rules. This was totally ignored by MERS.

### 2) The Abstention Doctrines

The abstention doctrines as recited in *Forde v. First Horizon Home Loan Corp.*, 2010 Wl 5758614 (D. Ariz. Dec. 6 2010) are relevant in this case. In that decision the Arizona Magistrate explained in great detail the relevance of the abstention doctrines to determining foreclosure issues and property interests. In this Brief, MERS at least gives lip service to that

decision. However, in opposing GGC's Motion for Reconsideration of Remand in the first case the Defendants all but berated the Magistrate for his opinion, dismissing the case out of hand. However, abstention is something that should clearly be considered in this case considering the newly emerging theories raised in GGC's state court action which a state judge refused to dismiss. To suggest that the abstention arguments basically have no applicability demonstrates that MERS will dismiss anything that even colorably suggests that removal is inappropriate. Its one thing when a federal court has clear and unequivocal jurisdiction over a matter to hear a case; its quite another when the jurisdiction is at best sketchy and at worse nonexistent as in this case to ignore these doctrines. GGC restates that the abstention doctrines mandate remand in this case.

### 3) MERS Dismisses out of Hand that GGC could have added other parties to defeat diversity

MERS dismisses out of hand GGC's position that she could have, and did not, choose to add two other

defendants to her claims on her title—Gorman &
Associates who holds a second mortgage, and Lewis, Rice
& Fingersh who holds a lien arising out of its handling
of GGC's husband's estate.  Adding these parties would
have clearly defeated diversity.  GGC chose not to add
them because although they are clearly relevant to the
claims, GGC acknowledges their right to raise said
claims.

However, if the issue before this court is that GGC
wanted to defeat diversity jurisdiction, there is at
least a minor element of scienter.  There is also an
element that the intent was to preclude removal.  If
that was in fact the intent, these two potential
defendants could have been added as they clearly affect
the title to the property.  They were not which should
further demonstrate that GGC added K & M for the sole
purpose of disposing of real claims she had against
them and not some minor claim that would merely
establish diversity.

## VIII. Other Issues Not Raised in MERS Reply Breif that are the Basis for GGC's Motion for Remand

Issues raised in GGC's Motion for Remand and all supplements hereto that were not addressed by the parties in briefing are not being waived by GGC but are reserved for appeal purposes.

### CONCLUSION

The Court need only read the first portion of this brief on the law of fraudulent joinder and the facts recited by GGC to realize that MERS attempt to remove this case is merely tactical. It is baseless and arises to the level of sanctions given the case law in the Eighth Circuit. In no way has it met its burden.

The two decisions of the State Court Judge must be given full faith and credit and collateral estoppels effect, and if not, then such rulings clearly establish without a doubt colorable claims against the trustee which cannot be ignored.

This case should be remanded at once. GGC has been denied too long a fair hearing on her claims. On the

eve of such a hearing before Judge Mesle on June 9 when these defendants would have to answer to her hard questions as to why under the law of the United States Supreme Court as set forth in *Carpenter v. Longan* the note is not null and void given the undisputed facts with regard to MERS splitting the deed of trust from the note, these defendants removed once again stymieing GGC's attempts to resolve this matter. They should not be allowed to proceed in a court where there is no jurisdiction and before a court that has demonstrated it ignores the rights of GGC and the law.

Respectfully submitted,

Caranchini, Pro Se
1203 W. 62nd Street
Kansas City, Missouri 64113
816.223.7178
gwencaranchini@sbcglobal.net

Certificate of Service

Gwen Caranchini certifies that she filed this brief as a pro se litigant with the Clerk of the United States District Court this 13th day of June 2011 and served it by electronic mail by agreement of the parties upon

Steve Aaron, John Polhemus[18] and Patrick Murphy, counsel of record in this matter.

Gwen G. Caranchini

---

[18] Ms. Schorgl is on bed rest with her pregnancy and therefore she is not being served but Mr. Polhemus is at her request. We of course wish her well.