IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-0464-DGK |
| | ) | |
| KOZENY & McCUBBIN, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case arises out of a dispute over the mortgage on Plaintiff's home. Plaintiff alleges that after she received a mortgage on her home through Aegis Lending Corporation, the note was sold to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her. As a result, Plaintiff contends, she is the sole lawful owner of the property securing the mortgage. This lawsuit is substantially similar to another lawsuit Plaintiff has filed, *Caranchini v. Bank of America, N.A., et al.*, 4:10-0672, in which she is also proceeding pro se. In this lawsuit, however, Plaintiff has named as a defendant the law firm that is the trustee on the deed of trust.

Now before the Court is Plaintiff's Motion to Remand (doc. 8), Plaintiff's Amendment to Motion for Remand (doc. 9), Plaintiff's Supplement to Her Motion to Remand (doc. 14), and Plaintiff's Motion for Leave to File Second Supplement to Her Motion to Remand With Incorporated Supplement (doc. 18). The Court grants Plaintiff leave to file her amendment, supplement, and second supplement. Finding no merit to any of Plaintiff's arguments in support of remand, however, the Motion to Remand (doc. 8) is DENIED.

## Background

On February 29, 2010 Plaintiff filed her first lawsuit ("Lawsuit I") in the Circuit Court of Jackson County, Missouri against Defendants Bank of America, N.A. ("BOA"); BAC Home Loans Servicing, LP ("BAC"); Aegis Lending Corporation; Wilshire Credit Corporation; Mortgage Electronic Registration Systems, Inc. ("MERS"); Citibank, in its capacity as a trustee for two mortgage trusts; Countrywide Lending; Todd Hamby, the initial trustee on the deed of trust; Merrill Lynch; and John and Mary Does 1-1000. Defendants BOA and BAC removed the case to federal court pursuant to diversity jurisdiction, and the Court denied Plaintiff's subsequent motions to remand.

On September 10, 2010 Plaintiff filed the present case ("Lawsuit II") in the Circuit Court of Jackson County, Missouri naming as the sole defendant the law firm Kozeny & McCubbin, LLC ("Kozeny"), the successor trustee on the deed of trust for her home. On October 4, 2010, Plaintiff amended the Petition to add claims against the other Defendants named in Lawsuit I. Plaintiff also added claims against MERSCORP, Inc., the sole owner of MERS. Kozeny, like Plaintiff, is a citizen of Missouri. The other defendants are not citizens of Missouri.

Count I of Lawsuits I and II are virtually identical. In both cases Count I seeks to quiet title to Plaintiff's property free and clear of the deed of trust and a declaration that Defendants have no interest in the property. Lawsuit II also contains two new counts; a negligence claim against BOA/BAC, Countrywide, and MERS, and a breach of fiduciary duty claim against Hamby and Kozeny.

Plaintiff served Defendants MERS and MERSCORP with process and the Second Amended Petition by certified mail on April 5, 2011. On May 4, 2011, MERS and MERSCORP removed Lawsuit II to this Court with the consent of the other Defendants by invoking the

Court's diversity jurisdiction. In their Notice of Removal MERS and MERSCORP contend that Kozeny's citizenship should be disregarded for purposes of determining diversity, because (1) Kozeny is not a real party in interest to the quite title claim, and/or is fraudulently joined in that claim; and (2) Kozeny is fraudulently joined in the breach of fiduciary duty claim. Plaintiff subsequently filed her various motions to remand.

### Standard

An action may be removed by the defendant to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Even if the case is not initially removable, it may subsequently become removable. "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," except that a case may not be removed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

To invoke the district court's original diversity jurisdiction the parties must be citizens of different states and the amount in dispute must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Finally, the burden of establishing federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts are

3

resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

## Discussion

### A. Defendants' removal was timely and procedurally proper.

Plaintiff contends removal was untimely because it did not take place within thirty days of service on the first-served defendant. Mot. at 52. But the "first-served defendant rule" is not the rule in this circuit. This circuit follows the "last-served defendant rule," which provides that the later-served defendants have thirty days from service upon them to remove, with the unanimous consent of co-defendants, even if the earlier served defendants did not remove. *Marano Ent. V. Z-Teca Rest., L.P.*, 254 F.3d 753, 756 (8th Cir. 2001). In the present case, both MERS and MERSCORP were served with process and the Second Amended Petition on April 5, 2011, and filed their Notice of Removal within thirty days, on May 4, 2011, thus removal was timely and procedurally proper.

### B. The Court disregards Kozeny's citizenship for purposes of determining diversity, thus there is complete diversity and the Court possesses original jurisdiction to hear this dispute.

Plaintiff argues that there is not complete diversity between the parties here because Kozeny is considered to be a citizen of Missouri. Defendants argue that Kozeny is a nominal party to the quiet title claim (Count I) and is fraudulently joined to defeat diversity in the breach of fiduciary duty claim (Count III).

#### 1. Kozeny is a nominal party to the quite title action.

In determining whether diversity exists, the court disregards the nominal parties and rests jurisdiction upon the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446

U.S. 458, 460-61 (1980). Nominal parties are generally those without a real interest in the result of the suit or an ownership interest in the funds at issue, or those named merely as the holder of the stakes between the plaintiff and the defendant. "The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted, and in a diversity case, the governing substantive law is ordinarily state law." *Iowa Pub. Serv. Co. v. Med. Box Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977). A defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief sought against it. *Mundle v. Linde, LLC*, No. 4:10-cv-2116-DDN, 2011 WL 1526965, at *2 (E.D. Mo. 2011).

Here the governing substantive law is Missouri law, and under Missouri law a trustee is not an indispensible party to an action affecting a deed of trust. *Libby v. Uptegrove*, 988 S.W.2d 131, 132 (Mo. App. 1999) (Stith, J.). This is because the deed of trust does not vest title in the trustee, it simply creates a lien in favor of the mortgagee. *Id.* The grantor remains the owner of the land until entry for breach of the condition of the deed of trust. *State ex rel. State Hwy. Comm. v. Thelnor, Inc.,* 485 S.W.2d 443, 445 (Mo. App. 1972). Since the trustee has no interest in the property, the trustee is not an indispensable party even in proceedings that seek to cancel the deed and take title to the underlying property. *Id.* (holding the trustee to a deed of trust is not a necessary party in an action to condemn property subject to deed of trust). The trustee is also not an indispensable party in a lawsuit affecting title to a mortgaged property. *Casper v. Lee*, 245 S.W.2d 132, 138-39 (Mo. banc 1952).

In the present case the trustee has no ownership interest in Plaintiff's property and, as the deed of trust makes clear, has no independent right to sell or dispose of the property. The trustee can act under the deed of trust only if the lender, or the lender's successors or assigns, invokes

5

the power of sale. The lender's successors and assigns have all been joined in this action, so that if the Court grants Plaintiff the relief she seeks and cancels the deed of trust, the trustee would have no further rights in the property, thus Kozeny is neither a necessary or indispensable party to this litigation. Furthermore, there is no evidence or suggestion here that Kozeny has some stake in the litigation, nor is there a real, present claim for relief against Kozeny. Consequently, the Court ignores Kozeny's citizenship for purposes of determining whether diversity jurisdiction exists.

### 2. Kozeny is fraudulently joined in the breach of fiduciary duty claim.

A plaintiff cannot attempt to prevent removal by fraudulent joinder. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). The fraudulent joinder exception prevents the plaintiff from blocking removal by adding nondiverse defendants who should not be defendants. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). When deciding if a plaintiff has fraudulently joined a nondiverse defendant, the court determines if the claim supports any reasonable basis in fact or law against that defendant. *In re Prempro*, 591 F.3d at 620. If there is no reasonable basis in fact or law for the claim, the court ignores the citizenship of the fraudulently joined defendant for purposes of determining diversity. *See id.*

Count III alleges that Hamby, the original trustee on the deed of trust, and Kozeny, the successor trustee, breached a fiduciary duty to Plaintiff when they "signed and/or filed and had recorded documents" on the property and when they allegedly failed to investigate the various transfers of the promissory note and deed of trust to ascertain whether there were any breaks in

the chain of title. Second Am. Compl. at ¶ 51. Paragraph 22 of the deed of trust defines the trustee's duties, which are limited to giving notice of a foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the proceeds of the sale. At the time the second amended petition was filed no foreclosure sale had occurred or was pending against the property, thus Kozeny could not possibly have breached any duty owed to the Plaintiff under the deed of trust. Consequently, there is no reasonable basis in fact or law for Count III against Kozeny, thus complete diversity exists for purposes of determining whether this Court possesses original jurisdiction to hear this dispute under 28 U.S.C. § 1332(a).

### C. This Court has subject matter jurisdiction over Plaintiff's state law claims.

Plaintiff argues that this Court lacks subject matter jurisdiction to hear this dispute because a Missouri state court has exclusive jurisdiction over her quiet title and declaratory judgment claims. Plaintiff contends that Missouri's venue statute for quiet title actions, § 508.030 R.S.Mo., vests jurisdiction for these actions exclusively in Missouri state court and bars removal to federal court, and that the declaratory action pled by her under Missouri's declaratory judgment statute, § 527.100 R.S.Mo., cannot be brought in federal court. Neither claim is true.

Article III, Section 2 of the United States Constitution provides that the judicial power of the federal courts "shall extend" to all cases arising under the laws of the United States and to controversies between citizens of different states. Pursuant to this grant of authority Congress enacted 28 U.S.C. § 1441(a), which states in relevant part that "**any civil action** brought in a state court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added.)

Additionally the Supremacy Clause (Article VI) of the Constitution states that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . anything in the constitution or laws of any state to the contrary notwithstanding." The practical effect of this provision "is that state and local laws are deemed pre-empted if they conflict with federal law." Edwin Chemerinsky, Constitutional Law Principles and Policies § 1.1 (3rd ed. 2006). Consequently, even if Missouri law sought to vest Missouri state courts with the sole authority to hear quiet title actions or declaratory judgment actions, the state law would be pre-empted by the federal removal statute. Thus this Court has the power to adjudicate Plaintiff's state law claims.

**D.     Defendants have established a statutory right to removal.**

Defendants have established that the parties are citizens of different states and the amount in dispute here exceeds $75,000, thus Defendants have a statutory right to removal under 28 U.S.C. §§ 1441(a), 1446(b), and 1332(a).

**E.     Abstention is not warranted here.**

Plaintiff argues that this Court should abstain from hearing this dispute. Abstention is appropriate only in exceptional circumstances. *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959). Although Plaintiff has not identified any particular abstention doctrine or theory for this Court to abstain under, she has cited the decision of a magistrate judge in *Forde v. First Horizon Home Loan Corp.*, Civ 10-01922, 2010 WL 5758614 (D. Ariz. Dec. 6, 2010). In *Forde* a property owner filing suit in Arizona state court, bringing various claims for damages as well as a quiet title claim and a claim to set aside an assignment of deed of trust and a notice of trustee's sale. After defendants removed, the court decided to abstain for several reasons, including a desire not to interfere with the on-going state proceedings under the *Younger* doctrine

and an inability to review the state court foreclosure judgment under the *Rooker-Feldman* doctrine.  The court also abstained under the *Buford* abstention doctrine out of concern that adjudicating the dispute might interfere with Arizona's complex regulatory scheme, which was supervised by state courts and served important state interests, and because resolution of the dispute required specialized knowledge and application of complicated state law.  In the present case, neither the *Younger* or *Rooker-Feldman* abstention doctrines could apply because there are no pending state foreclosure proceedings or foreclosure judgments against Plaintiff's property, nor is *Burford* abstention appropriate because Missouri's foreclosure process is not at issue here.  Accordingly, there are no exceptional circumstances that warrant abstention.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (doc. 8) is DENIED.

**IT IS SO ORDERED.**

Date:   November 28, 2011                     /s/ Greg Kays
                                                                           GREG KAYS, JUDGE
                                                                           UNITED STATES DISTRICT COURT